J.S52001/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　Appellee　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
CURTIS SPIVEY,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Appellant　　　　　　:　　No. 1913 EDA 2012

Appeal from the PCRA Order May 21, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0805781-2004

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　**FILED SEPTEMBER 23, 2014**

Appellant, Curtis Spivey, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his timely, first Post Conviction Relief Act[1] ("PCRA") petition without a hearing. This Court, by *per curiam* order,[2] previously remanded for the PCRA court to conduct a ***Grazier*** hearing.[3] The PCRA court has done so and has permitted Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Order, 1913 EDA 2012 (Pa. Super. filed Sept. 6, 2012) (*per curiam*).

[3] "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Commonwealth v.***

to proceed *pro se* in this appeal. Appellant argues: (1) the PCRA court erred in ignoring his request to act *pro se* in the underlying PCRA proceedings; and (2) he was denied access to discovery, which prevented him from pursing another issue on appeal—whether PCRA counsel's **Finley** letter[4] was deficient. We affirm.

Appellant's first trial, in which he was represented by counsel, ended in a hung jury. At Appellant's second trial[5] in August of 2006, at which he acted *pro se*,[6] the jury found him guilty of murder in the first degree,[7] possessing an instrument of crime, and carrying a firearm on public streets or public property in Philadelphia.[8] The trial court imposed an aggregate term of life imprisonment.

Appellant took a counseled appeal. On November 24, 2008, this Court

---

**Glacken**, 32 A.3d 750, 752 (Pa. Super. 2011) (quoting **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998)).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] The first trial, in December of 2005, was held before the Honorable M. Theresa Sarmina; the Commonwealth pursued the death penalty. The second trial was held before the Honorable Jeffrey P. Minehart, who also conducted the instant PCRA proceeding. The Commonwealth did not pursue the death penalty at the second trial. N.T. Pre-Trial Mot., 7/17/06, at 3.

[6] The court appointed stand-by counsel, who was not counsel during the first trial, to assist Appellant.

[7] 18 Pa.C.S. § 2502(a).

[8] 18 Pa.C.S. §§ 907, 6108.

affirmed the judgment of sentence.[9]    On September 15, 2009, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On September 13, 2010, Appellant filed the instant, timely PCRA petition *pro se*.  The petition alleged 105 instances of trial court, police, and prosecutorial error, as well as ineffectiveness of direct appeal counsel for failure to raise certain issues, including the validity of his waiver of counsel at trial.  Appellant's Pet. for Post Conviction Collateral Relief, 9/9/10, at 25-31.  Appellant also averred that his discovery, letters, transcripts, and pictures were illegally taken from him.

The PCRA court appointed Joseph Scott O'Keefe, Esq. to represent Appellant.  Appellant then filed a *pro se* letter with the court, stating he was waiving his right to counsel and invoking his right to self-representation,.  He also subsequently filed a *pro se* amended PCRA petition on September 15, 2011.

On December 8, 2011, Attorney O'Keefe filed a ***Finley*** letter with the PCRA court.  The ***Finley*** letter summarized that Appellant alleged (1) his

---

[9] ***Commonwealth v. Spivey***, 1376 EDA 2007 (unpublished memorandum Pa. Super. filed Nov. 24, 2008) (denying relief on claims that evidence was insufficient and trial court erred in admitting autopsy photographs).  This Court initially remanded for the trial court to supplement the record with trial transcripts and autopsy photographs that were introduced as evidence at trial.    ***Commonwealth v. Spivey***, 1376 EDA 2007 (unpublished memorandum Pa. Super. filed Apr. 30, 2008).

waiver of counsel at trial was not voluntary, intelligent, or knowing, and that he was incompetent to represent himself; (2) the trial court failed to provide discovery to him; (3) the "homicide detective committed many instances of misconduct by his testimony at trial"; (4) Appellant was not permitted to conduct his own investigation, "was hampered" by standby counsel at trial, was denied side bars and bench conferences at trial, and "was not allowed to walk freely throughout the courtroom"; (5) the prosecutor made inappropriate remarks during opening and closing arguments and examination of witnesses; (6) the trial court acted with bias; and (7) appellate counsel was ineffective for failing to raise certain issues. Attorney O'Keefe's *Finley* Letter, 12/8/11, at 2-3. Attorney O'Keefe reasoned that Appellant's issues were either meritless or waived for failure to preserve them at trial or raise them on direct appeal.

Appellant filed a *pro se* objection to the *Finley* letter and a supplemental objection to the *Finley* letter.[10] Both averred that Attorney O'Keefe's *Finley* letter was not valid by virtue of Appellant's invoking his right to proceed *pro se*. However, Appellant simultaneously averred that counsel failed to comply with the *Finley* requirements, by failing to provide him a copy of the application to withdraw, advise him of his right to proceed *pro se* or with privately-retained counsel, and address all the issues in his

---

[10] Appellant filed a "supplemental objection" first, on January 19, 2012, followed by an "objection" on January 25th.

J. S52001/14

*pro se* PCRA petition.[11]

On March 29, 2012, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. On May 21st, the court entered an order dismissing the petition,[12] and then appointed another attorney to represent Appellant. Appellant subsequently filed a *pro*

---

[11] Appellant stated, however, that Attorney O'Keefe did provide to him a copy of the **Finley** letter.

[12] Previously in the instant appeal, this Court directed the PCRA court to supplement the record with the May 21, 2012 order dismissing Appellant's petition. Order, 1913 EDA 2012 (Pa. Super. filed Nov. 8, 2013) (*per curiam*). The PCRA court did not provide a traditional order, but instead forwarded notes of testimony of a May 21, 2012 proceeding, the sum of which states:

> Court Crier: No. 13, Curtis Spivey [Appellant].
>
> The Court: The 907 was sent.
>
> [Attorney] O'Keefe: March 29th, yes.
>
> The Court: So the petition is formally dismissed.
>
> [Attorney] O'Keefe: Very well, sir.
>
> (Proceedings concluded.)

N.T. PCRA, 5/21/12, at 3. Attached to this transcript is a copy of the page of the trial docket on which the May 21, 2012 "order" is entered, with the PCRA court's signature in the docket entry.

Furthermore, we note that on May 22, 2012, the day after the dismissal of the petition, the court issued a second Rule 907 notice.

*se* notice of appeal[13] and later a petition to waive counsel and proceed *pro se*.

On September 6, 2012, this Court, by *per curiam* order, remanded this case to the PCRA court to conduct a **Grazier** hearing. The court did so approximately one year later, on August 30, 2013, and entered an order the same day permitting Appellant to proceed *pro se* in this appeal. The PCRA court also filed an opinion.

After the **Grazier** hearing and return of this case to this Court, Appellant filed at least eight *pro se* petitions with this Court. In response, this Court issued two *per curiam* orders: one on November 8, 2013, directing the PCRA court to supplement the record with transcripts and documents requested by Appellant, and one on January 28, 2014, directing our Prothonotary to provide the recently-acquired notes of testimony to Appellant. Finally, Appellant filed a *pro se* appellate brief on April 4, 2014, and a supplemental appellate brief on May 27th.[14]

In his initial brief, Appellant presents one issue for our review: whether the PCRA court erred in "ignoring" his petition to proceed *pro se* in

---

[13] Although Appellant filed the notice of appeal *pro se* while represented by counsel, we note the notice of appeal was filed within the thirty-day period under Pa.R.A.P. 903(a). **See** Pa.R.A.P. 903(a) (stating appeal shall be filed within thirty days after entry of order from which appeal is taken); **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011) (reiterating there is no right to hybrid representation).

[14] The Commonwealth has filed an appellee's brief.

the PCRA proceedings below.  Appellant's Brief at 8.  Appellant requests relief in the form of a *Grazier* hearing to determine whether he may proceed *pro se* in the PCRA proceedings.  He asserts the court's "speculative" reason for not holding a hearing—that the issues in his *pro se* PCRA petition were waived or meritless—did "not in any way diminish [the c]ourt's duties under *Grazier* and" Pa.R.Crim.P. 121.

We note the relevant standard of review:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. . . .

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013).  Furthermore, we note:

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act.

*Id.* at 1189-90 (citation omitted).

While this Court previously remanded for the PCRA court to conduct a *Grazier* hearing to determine whether Appellant may proceed *pro se* in the **instant appeal**, his main issue now is whether the court erred in not allowing him to act *pro se* in the **underlying PCRA proceedings**.  The sum discussion in the Commonwealth's brief is that it does not oppose remand

for a **Grazier** hearing.  Commonwealth's Brief at 5.

The PCRA court opined:

> Although no hearing was held on [Appellant's request to proceed *pro se* in the PCRA proceedings], no relief is due . . . because he demonstrated by filing a *pro se* PCRA petition that contained approximately 100 repetitive and vaguely worded issues that were either waived or patently lacking in merit that he was incapable of representing himself during the PCRA process without causing due and unnecessary delay and confusion.  In **Commonwealth v. Staton**, 12 A.3d 277, 2[7]9 (Pa. 2010), our Supreme Court stated that when self-representation will lead to "unnecessary delay or disruption of the judicial process" a defendant is properly denied the right to represent himself.
>
> . . .

PCRA Ct. Op., 9/5/13, at 3 (unpaginated).

We find, however, that Appellant ignores or overlooks the fact that when the court granted leave to Attorney O'Keefe leave to withdraw, he was in fact *pro se*.  Appellant's *pro se* PCRA petition and supplemental petition were still before the PCRA court to consider, as well as his objection to the **Finley** letter and supplemental objection to the **Finley** letter.  Despite the Commonwealth's acquiesce to any remand, we decline to remand for the PCRA court to determine whether Appellant may litigate his PCRA petition *pro se*.[15]

We now consider the additional claim raised in Appellant's supplemental brief—that he was not provided discovery, transcripts, and other documents necessary to prepare a PCRA petition and an appellate

---

[15] This Court may affirm the PCRA court's decision on any basis. **Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012).

brief. He avers that because he did not have these documents, he "had to forego two . . . of his issues within his 1925(b) statement:"[16] whether Attorney O'Keefe's **Finley** letter failed to address many of his *pro se* issues and whether the PCRA court erred in dismissing his petition because counsel's **Finley** letter was deficient. Appellant's Supp. Brief at 13-14.

We hold no relief is due. Appellant fails to explain what information is missing, and why or how the information can help him overcome the PCRA court's finding that his PCRA issues are "waived or not cognizable because [Appellant], who represented himself at trial, either did not preserve them at trial or was precluded from raising them because he represented himself at trial and thus[ ] could not raise his own ineffectiveness." **See** PCRA Ct. Op. at 4. Finding no merit to Appellant's claims, we affirm the order denying relief.

Order affirmed.

---

[16] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant did not file one after taking the instant appeal. Instead, Appellant had filed a *pro se* "Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)" immediately after informing the PCRA court that he wished to proceed *pro se*. Obviously, this filing was improper, as the PCRA court had not ruled on his PCRA petition and no notice of appeal had been filed.

J. S52001/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014