12 A.3d 277

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Andre STATON, Appellant.**

Supreme Court of Pennsylvania.

Nov. 9, 2010.

Thomas N. Farrell, Farrell & Kozlowski, Pittsburgh, for Andre Staton.

Richard A. Consiglio, Blair County District Attorney's Office, Amy Zapp, Office of the Attorney General, for Commonwealth of Pennsylvania.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Chief Justice CASTILLE.

In this direct capital appeal, which has yet to be briefed, appellant Andre Staton's court-appointed counsel Thomas N. Farrell, Esquire (hereafter "counsel"), filed a Motion to Withdraw on July 21, 2010, alleging that appellant sent correspondence to counsel "terminating" counsel's representation. Counsel believed that appellant's correspondence created an obligation to move to withdraw. On the merits of the motion, however, counsel forwards a novel and cogent argument against withdrawal, which occasions this Opinion, and which we will discuss below. For the reasons stated herein, we deny counsel's request to withdraw and direct him to file his brief.

Appellant was tried in the Court of Common Pleas of Blair County on homicide and related charges, with the Honorable Elizabeth Doyle presiding. On May 2, 2006, a jury found appellant guilty of first-degree murder and related crimes. The following day, the jury returned a sentence of death based on its finding that two aggravating circumstances outweighed four mitigating circumstances. *See* 42 Pa.C.S. § 9711(c)(1)(iv). On June 1, 2006, the trial court formally imposed the sentence of death. *See* Post–Verdict Motions Opinion and Order dated June 25, 2007. On July 25, 2007, appellant filed an appeal directly to this Court from his judgment of sentence. *See* 42 Pa.C.S. § 9711(h)(1).

The trial court entered an order appointing current counsel on June 30, 2009; counsel is appellant's seventh attorney in

this case.[1]  On July 30, 2009, the Supreme Court Prothonotary set the initial due date for appellant's brief at September 10, 2009.[2]  Counsel has received multiple extensions of time and the brief ultimately was due to be filed on August 11, 2010, with no further extensions to be granted.  On August 4, 2010, however, counsel filed an Emergency Motion to Stay Briefing Schedule, pending this Court's resolution of counsel's request to withdraw.  The briefing stay request was granted and we are now in a position to rule upon counsel's withdrawal request.

The Motion to Withdraw alleges that, on June 7, 2010, appellant attempted to file a *pro se* post-trial motion with the trial court, in which he purported to "terminate" appointed counsel's representation and sought leave to represent himself.  Counsel attaches a copy of the motion as Exhibit 1, and notes that the trial court forwarded it to him pursuant to *Commonwealth v. Ellis*, 534 Pa. 176, 626 A.2d 1137, 1139 (1993), which forbids hybrid representation.  The attached motion is titled "Post Trial Motion by the Defendant Andre Staton Terminating Counsel and Seek [sic] Leave to Represent Himself."  The first two paragraphs of the motion express appellant's desire to terminate counsel's representation and proceed *pro se* by stating:

1. The reasons for the multiple changes in counsel are not relevant to the question presented.  In at least one instance, however, appointed counsel was removed after the Supreme Court Prothonotary's search of the Continuing Legal Education Board's website indicated that she was not qualified to represent a capital defendant under Pa.R.Crim.P. 801.

2. The initial delay in the briefing schedule was due to appellant filing a Petition to Remand the Appeal Back to the Lower Court for a Hearing. This Court granted the Petition on January 25, 2008, and remanded the matter to the trial court while retaining jurisdiction.  The trial court entered an order on August 14, 2008, concluding that there were no further meritorious issues to be raised on direct appeal.  Thereafter, present counsel entered his appearance with this Court on July 29, 2009.  On August 7, 2009, appellant filed a Motion to Stay Briefing Schedule.  We treated the motion as a request for an extension of time and granted the request on October 13, 2009, extending the time to file the appellate brief for 90 days. Subsequently, there were two additional extension requests, which were granted, setting the final due date for appellant's brief for August 11, 2010.

The Defendant Andre Staton Court Appointed Attorney Thomas N. Farrell, Esq.: Legal Representation Services are Terminated. Due to Conflict of circumstances and irreconcilable differences.

The Defendant Andre Staton hereby moves this court for leave to represent himself. Invoking his State and Federal Constitutional right pursuant to Pa.R.Crim.P. pending colloquy.

*See* Motion to Withdraw as Counsel, Exhibit 1. The remainder of appellant's *pro se* motion is confusing to say the least: appellant's primary complaint indicates a desire to litigate post-verdict motions, and complains that counsel merely filed a "statement of matters [complained of on appeal]." The motion thus reveals that appellant did not appreciate the procedural posture of the case. Appellant also does not specifically speak to whether he desires self-representation on appeal.

In his Motion to Withdraw, counsel also alleges that after appellant filed his motion, appellant sent correspondence to counsel confirming that he is purporting to "terminate" counsel's representation. Counsel avers that under such circumstances, he has an ethical obligation to submit a motion to withdraw from his appellate appointment under Pa.R.Prof.C. 1.16(a)(3) (counsel "shall withdraw from the representation of a client if [he] is discharged"). Counsel asserts that he has "vigorously represented" appellant and would continue to do so, but believes he must submit such a request given Rule 1.16(a)(3).

Although counsel submits his request to withdraw premised upon the indigent appellant's purported "discharge" of him and expressed desire to represent himself, counsel actually argues against granting the Motion, citing several reasons. First, according to counsel, the constitutional right to self-representation is grounded in the Sixth Amendment of the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution. Counsel argues that in 2000, the U.S. Supreme Court held that there is no Sixth Amendment right to self-representation for purposes of appeal. *See Martinez v. Court of Appeal of California,* 528 U.S. 152, 120 S.Ct. 684, 145

L.Ed.2d 597 (2000). Counsel asserts that this Court's cases holding that there is a right to self-representation for purposes of appeal have consistently cited to the U.S. Supreme Court case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *Faretta* held that the Sixth Amendment established a right to self-representation **at trial,** *id.* at 819–20, 95 S.Ct. 2525; counsel argues that, following *Martinez*, it is now clear that there is no analogous federal right to self-representation on appeal. Counsel points out that the *Martinez* Court distinguished *Faretta* because the federal right of appeal is not constitutional, but statutory. Counsel further notes that in *Martinez*, the High Court recognized that states obviously could "recognize such a right under their own constitutions," but alleges that this Court has never decided whether Article I, Section 9 of the Pennsylvania Constitution is distinct from the U.S. Constitution for purposes of determining if there is a Pennsylvania constitutional right to self-representation on appeal. Thus, counsel concludes that this Court **must** determine whether a constitutional right of self-representation on appeal exists in Pennsylvania before we may consider granting the motion to withdraw to allow for such representation.

Second, counsel argues that even if this Court were to recognize a right to self-representation on appeal under the Pennsylvania Constitution, the right is not absolute. Instead, this Court has indicated that it will limit the right to self-representation when it would lead to unnecessary delay or disruption of the judicial process. *See Commonwealth v. Rogers*, 537 Pa. 581, 645 A.2d 223, 224 (1994) (no *Grazier*[3] hearing warranted when request to proceed *pro se* was forwarded after counsel filed appellate briefs). In this case, counsel urges us to invoke the *Rogers* procedural limitation on a claim for self-representation, as it is clear that appellant is of the mistaken belief that post-trial proceedings have not been completed, and because granting his request will only delay the already-delayed proceedings on appeal.

3. *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998).

Third, counsel makes a brief averment that even if this Court were to recognize a right to self-representation on appeal under the Pennsylvania Constitution, we should not extend the right to capital appeals. Counsel also asserts that he was prepared to submit a brief in this matter, as required, on August 11, 2010, again suggesting that allowing appellant to proceed *pro se* at this juncture would only delay this matter further, as it certainly would.[4]

The Commonwealth has not filed a substantive reply to the issues raised by counsel. Instead, the Commonwealth has filed a No Answer Letter in reply to the Motion to Withdraw. In the letter, the Commonwealth states that it "believes that the first inquiry in this matter needs to be whether or not the Appellant has a right to represent himself on this appeal." The Commonwealth offers no view on the merits of that first inquiry.

Counsel's withdrawal motion presents an issue, novel in Pennsylvania, respecting the question of entitlement to self-representation on appeal. When an appellate court, including this Court, has been presented with a timely request to proceed *pro se* on appeal, the court generally has remanded for a "*Grazier* hearing" to determine if the waiver of counsel is knowing, intelligent, and voluntary. In *Grazier*, which was decided before *Martinez*, this Court indicated that a defendant-appellant in a criminal case has a right to self-representation on appeal, citing to *Ellis* and *Faretta*.[5] *Grazier*, 713

4. Counsel has also filed a Motion to File Briefs and/or to Present Oral Argument as to Whether Appellant has a Right of Self–Representation. Counsel reiterates his view that the self-representation question is a "highly significant" issue of first impression in Pennsylvania. As this Court concludes that it can timely dispose of the motion to withdraw based upon the pleadings before us, we deny the request for further briefing and oral argument.

5. The specific question presented in *Ellis* was whether the Superior Court was obligated to review a *pro se* brief submitted by a represented criminal appellant, *i.e.*, whether the appellant was entitled to hybrid representation on appeal. The Superior Court reviewed the question, noting that in Pennsylvania there is a constitutional right to appeal and a right to an attorney at trial. *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595, 597 (1990) (*en banc*). The Superior Court then cited to *Faretta*, explaining that "growing out of the" Sixth Amendment

A.2d at 82 (*"Ellis* expressly recognized the right to proceed without the assistance of counsel: '[a] represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf.' "). We then directed that when an appellant in a criminal case asks leave to proceed *pro se,* a remand for a hearing was necessary to determine whether the appellant wishes to waive counsel, and if so, whether the waiver of the right to counsel for purposes of appeal is knowing, intelligent and voluntary. *Id.*

Counsel, however, has identified a legitimate question as to *Grazier's* continuing vitality in light of the U.S. Supreme Court's subsequent pronouncement in *Martinez;* this Court has not had the opportunity to squarely address the High Court's *Martinez* decision.[6]

In *Martinez,* the Court confronted the question of whether the appellate courts of California could deny a criminal appel-

was the right to self-representation. The court also cited to two other intermediate appellate court cases wherein it had permitted an appellant to proceed *pro se* on appeal.

Thereafter, in our *Ellis* opinion, we adverted to the fact that the Superior Court had cited to Article V, Section 9 and Article I, Section 9 of the Pennsylvania Constitution, as well as *Faretta,* in addressing the hybrid representation issue. Our independent analysis of the question, however, did not include any references to the Pennsylvania Constitution. Instead, we reiterated what we had previously stated in *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811, 821 (1985), wherein we merely cited *Faretta* for the general proposition that a defendant has the right to proceed without counsel. *Ellis,* 626 A.2d at 1139.

**6.** This Court has addressed the substance of the *Martinez* case in only one prior decision, *Commonwealth v. Davido,* 582 Pa. 52, 868 A.2d 431, 444 (2005). In *Davido,* the appellant invoked *Martinez* to question whether a defendant could be permitted to proceed *pro se* during the penalty phase of a capital trial. *Davido* held that the Sixth Amendment right to self-representation applied to a capital trial, including the penalty phase. Accordingly, we distinguished *Martinez* on that basis. The Superior Court addressed *Martinez* in *Commonwealth v. Faulk,* 928 A.2d 1061, 1065 n. 3 (Pa.Super.2007), concluding that, in contrast to *Martinez,* this Court has held that the right of self-representation continued on appeal. *Faulk* cited to *Grazier* for this proposition. But, as will be discussed herein, it is apparent that *Grazier* ultimately relied on federal constitutional principles, and thus, the issue counsel identifies persists.

lant's request to represent himself on appeal, without violating the federal Constitution. *Martinez*, 528 U.S. at 154, 120 S.Ct. 684. The Court first explained that in *Faretta*, it had held there was a Sixth Amendment right to self-representation for purposes of trial. The Court then distinguished the circumstances on appeal, noting that there was no historical consensus establishing a federal right to self-representation on appeal. Indeed, the Court pointed out that appeals as of right in federal court were non-existent until more recent times and thus appellate review of any sort was rarely allowed. *Id.* at 157–59, 120 S.Ct. 684. The Court also indicated that *Faretta's* reliance on the rights embodied in the Sixth Amendment was not relevant. This was so because those rights were particular to the basic rights that a defendant shall have in "all criminal prosecutions," *i.e.*, rights at trial, but do not speak to rights on appeal. Instead, the Court explained, the federal right to appeal in criminal cases is purely statutory in nature. *Id.* at 159–60, 120 S.Ct. 684. Turning then to the Fourteenth Amendment, the Court rejected the notion that a right of self-representation on appeal, binding upon the states, could be found in that provision; in so holding, the Court noted that a state's interest in the fair and efficient administration of justice at the appellate level outweighs any interest in appellate self-representation. *Id.* at 162, 120 S.Ct. 684. Thus, the Court concluded that California was not required to recognize a federal constitutional right to self-representation on direct appeal, but noted, of course, that the states were not precluded "from recognizing such a right under their own constitutions." *Id.* at 163, 120 S.Ct. 684.

Based on *Martinez*, counsel argues that this Court's finding that there is a federal constitutional to self-representation on appeal, as reflected by the procedure set forth in *Grazier*, has proven to be erroneous. More specifically, counsel notes, our prior cases recognizing such a right was based on our understanding that the High Court's pronouncement in *Faretta* applied to appeals as well as trials, and *Martinez* now definitively establishes that this is not the case.

Counsel is correct to the extent that he argues that our cases recognizing a right to self-representation for purposes of appeal were largely based on *Faretta*, and therefore, the U.S. Constitution. *See Grazier, supra; Ellis, supra.* This Court has not considered or determined whether there is an independently secured right to self-representation on appeal under the Pennsylvania Constitution. Unlike the federal Constitution, the Pennsylvania charter specifically recognizes a right to appeal. PA. CONST. art. V, § 9. But, our Constitution is silent concerning the right to counsel on appeal,[7] and it is silent on the distinct question of the right of self-representation on appeal. *See* PA. CONST. art. I, § 9 (setting forth the rights of the accused in criminal prosecutions, including the right of the accused "to be heard by himself and his counsel. . . ."). Furthermore, the Pennsylvania Rules of Criminal Procedure, governing the waiver of counsel, cite to *Faretta. See* Pa. R.Crim.P. 121(A), Comment ("Paragraph (A) recognizes that the right to self-representation is guaranteed by the sixth amendment to the Federal Constitution when a valid waiver is made, *Faretta.*"). This comment gives further credence to counsel's assertion that the case law and rules governing any "right" to self-representation are founded not upon some right unique to Pennsylvania but upon reliance on the federal constitution as construed by the High Court in *Faretta.*

Counsel, however, speaks too narrowly when he argues that this Court must recognize a right to self-representation for purposes of appeal under the Pennsylvania Constitution before we may determine to grant the Motion to Withdraw and permit appellant to proceed *pro se.* The *Martinez* Court's holding that the states are not required to permit self-representation on appeal as a federal constitutional matter, and its concomitant notation that the states can recognize such a right

---

7. Pursuant to *Douglas v. California*, 372 U.S. 353, 356–57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the U.S. Supreme Court has held as a matter of equal protection that states that afford a right to appeal must appoint counsel to represent an indigent criminal defendant for purposes of a first appeal under the Fourteenth Amendment. *Cf. Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630, 633 (2003) (recognizing that appellant has no federal right to counsel for purposes of discretionary appeal, but holding that in Pennsylvania there is a rule-based right).

under state governing charters, does not mean that a state can only reserve or confer such a right via an explicit state constitutional provision. Instead, such a right could be recognized or conferred as a matter of policy or indulgence by statute, court rule, or decisional law.

Although counsel identifies an important and open question concerning the right to self-representation on appeal, we ultimately find that we need not resolve the question in order to decide the instant Motion to Withdraw. Rather, for purposes of decision, we may assume that there is a right to self-representation on appeal in Pennsylvania; yet, even so, as counsel recognizes in his alternative argument, the right, even if deemed constitutionally-based, is not absolute. *See, e.g., Commonwealth v. Jermyn,* 551 Pa. 96, 709 A.2d 849, 863 (1998).

In *Rogers, supra,* this Court considered whether the appellant Rogers could invoke a right to self-representation after counseled appellate briefs were filed. Rogers sought to waive his right to counsel on the basis of appellate counsel's alleged ineffectiveness. Rogers also filed a *pro se* supplemental brief purporting to amend the counseled brief and add new issues. The Superior Court denied the request and refused to consider the additional issues. Upon further review in this Court, we first noted that it was well-settled that "a criminal defendant or appellant has the right to proceed *pro se* at trial and through appellate proceedings." *Rogers,* 645 A.2d at 224 (citing *Faretta, Ellis,* and Pa.R.Crim.P. 121[8]). We intimated, however, that the right to proceed *pro se* on appeal once the appeal has been filed is less clear. Citing to *Ellis,* we indicated that an appellant does not have the right to submit *pro se* filings that would "confuse and overburden the court." *Id.* Thus, we concluded that the appellant was prohibited from engaging in such a tactic and proceeding *pro se* on appeal after counsel had already filed appellate briefs on his behalf. We also emphasized that this conclusion in no way

---

**8.** Rule 121 was formerly numbered Pa.R.Crim.P. 318, and it is referred to as Rule 318 in the *Rogers* decision.

impeded Rogers' right to adequate representation, as he was free to raise counsel's effectiveness at a later time.

Similarly, in the context of the right to self-representation for purposes of trial, this Court has noted that the right may be waived or limited when not timely invoked. *See Jermyn,* 709 A.2d at 863. In *Jermyn,* the appellant sought to represent himself for purposes of the penalty phase of a capital murder trial. The trial court denied the request as untimely. On appeal to this Court, Jermyn argued that he was entitled to forward his request during the pendency of the trial because the sentencing phase of a capital trial is distinct from the guilt phase. In finding that the lower court did not abuse its discretion, we indicated that there was a timeliness aspect to any such request; further, we noted, courts have refused such requests based on the need to minimize disruptions, to avoid inconvenience and delay, to maintain continuity, and to avoid confusing the jury. *Id.*

The instant case is one step removed from either *Rogers* or *Jermyn,* as the appellate briefs have not yet been filed and the concerns on appeal are different from those at trial. Nevertheless, the cases strongly and logically suggest that a request to proceed *pro se,* and a concomitant motion to withdraw, should be denied when forwarded at this late stage.[9] The case has already been substantially delayed, first because of substitutions of counsel, then for remand, and finally, to afford counsel sufficient time to prepare a direct capital appeal brief. Counsel has indicated that he was prepared to timely file his brief on August 11, 2010, only to have appellant's attempt to "terminate" counsel and raise the self-representation issue intervene. Counsel also advises that, if the Motion to Withdraw is denied, he is prepared to file the brief on appellant's behalf immediately. Even if it is assumed that appellant has a "right" to represent himself on appeal, permitting counsel to withdraw and allowing appellant to proceed *pro se* at this

9. We recognize that the *pro se* motion appellant attempted to file in the trial court did not specifically address self-representation on appeal. But, for purposes of decision of counsel's Motion to Withdraw, we will assume that the attempt to "discharge" counsel provides a sufficient basis to so construe the request.

stage in the appellate proceedings would unnecessarily impede and completely disrupt an already delayed appellate process.

Accordingly, under the circumstances described above, we will deny counsel's Motion to Withdraw. Counsel is directed to file the brief in this matter within fifteen days from the date of this decision. Furthermore, counsel's Motion to File Briefs and/or to Present Oral Argument is also denied.[10]

Justices SAYLOR, BAER, McCAFFERY, ORIE MELVIN join this opinion.

Justice EAKIN files a concurring opinion.

Justice TODD concurs in the result.

Justice EAKIN, concurring.

I join the finding that the motion to withdraw should be denied because of untimeliness, though counsel acted entirely properly in filing the motion. I do not join the discussion of a "right to self-representation"; however thoughtful the monologue, that matter is not before us.

---

**10.** We commend counsel for responsibly identifying the self-representation issue, and we have published, in part, to recognize that the question remains open.