J-S36023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES GREGORY COOPER | |
| Appellant | No. 1655 WDA 2014 |

Appeal from the Judgment of Sentence August 8, 2012
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000345-2011

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 10, 2015**

Appellant James Gregory Cooper appeals from the judgment of sentence[1] entered in the Clarion County Court of Common Pleas following his jury trial convictions for possession of a controlled substance with intent to deliver ("PWID") and two counts of conspiracy for PWID.[2]  For the reasons stated in this memorandum, we vacate his judgment of sentence, and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This was originally docketed as an appeal from the order denying Appellant's petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  However, for the reasons stated in this memorandum, we conclude that this is a timely direct appeal, not an appeal from the denial of PCRA relief.

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, respectively.

The relevant facts and procedural history of this appeal are as follows. On June 10, 2011, police arrested Appellant, his wife, and their son after executing a search warrant of their house, garage, and motor home and discovering seven pounds of marijuana, a jar of marijuana seeds, digital scales, zip lock bags, a grow light, Miracle Grow, money from controlled drug buys between an undercover police officer and Appellant's son, and weapons. On June 27, 2012, a jury convicted Appellant of PWID and two counts of conspiracy.[3] On August 8, 2012, the court imposed sentences of five (5) to ten (10) years' incarceration for PWID, the mandatory minimum pursuant to the weapons enhancement in 42 Pa.C.S. § 9712.1 and one (1) to two (2) years' incarceration for each of Appellant's conspiracy convictions.[4]

On August 16, 2012, Appellant's counsel filed a motion to withdraw and to extend the time in which Appellant could file a timely post-sentence motion. On August 22, 2012, the court granted counsel's motion to withdraw and extended the time for Appellant to file a timely post-sentence motion to August 28, 2012. The court did not appoint new counsel to

---

[3] The jury acquitted Appellant of possession of a firearm, persons not to possess firearms. 18 Pa.C.S. § 6105.

[4] The court imposed both of Appellant's conspiracy sentences concurrent to his PWID sentence.

represent Appellant on direct appeal or conduct a **_Grazier_**[5] hearing to determine whether Appellant waived his right to counsel on direct appeal.

On September 4, 2012, Appellant filed a notice of appeal and another request for an extension of time to file his post-sentence motion.[6] On September 10, 2012, Appellant sent a letter to the Superior Court indicating his intention to appeal his judgment of sentence. The next day, this Court forwarded the letter to the trial court. On September 13, 2012, the trial court accepted Appellant's filings as a timely notice of appeal, but not as a post-trial motion, because the court did not receive the motion for extension of time until Appellant's extended time period to file a post-sentence motion had expired. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On September 17, 2012, this Court sent a letter to the trial court requesting it return the notice of appeal to this Court after Appellant amended it to conform to the Rules of Appellate Procedure. On October 16, 2012, this Court sent Appellant a letter with copies of Pa.R.A.P. 904, 905, and 906 to assist him in perfecting his appeal.

---

[5] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa.1998).

[6] This request was dated August 28, 2012 and stamped as mailed on August 31, 2012.

Appellant did not file a Pa.R.A.P. 1925(b) statement, the trial court did not file a Pa.R.A.P. 1925(a) opinion, and this Court never addressed or dismissed Appellant's direct appeal.

On July 11, 2014, Appellant filed a *pro se* PCRA petition. On July 28, 2014, the trial court appointed counsel to assist Appellant with his first PCRA petition. Counsel filed a "no merit" letter pursuant to **Turner**[7] and **Finley**[8] and a motion to withdraw as counsel on September 2, 2014. On September 4, 2014, the court granted counsel's petition to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition. On September 29, 2014, the court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal on October 8, 2014. On October 10, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days, and he timely complied.

We must first consider the propriety of Appellant's direct appeal because the "timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." **Commonwealth v. Williams**, 106 A.3d 583, 587 (Pa.2014) (citation omitted). Our Rules of Appellate Procedure provide, in pertinent part:

_____

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[8] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988).

**Rule 902. Manner of Taking Appeal**

An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902.  We observe:

[Pa.R.A.P. 902] "eliminates the 'trap' of failure to perfect an appeal" by making timely notices of appeal "self-perfecting." Pa.R.A.P. 902, Note.  Thus, to perfect an appeal from a lower court order, an appellant need only file a notice of appeal with the clerk of the lower court within the applicable time period allotted by Rule 903.  A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective.

In the event of a defective notice of appeal, Rule 902 encourages, though it does not require, appellate courts to remand the matter to the lower court so that the procedural defect may be remedied. As the note following Rule 902 explains, the rule creates a preference for correcting procedurally defective, albeit timely, notices of appeal so that appellate courts may reach the merits of timely appeals. ***See*** Pa.R.A.P. 902, Note.  The note further indicates that dismissal of a defective appeal remains an alternative where the appellate court determines that an appellant has failed to take the necessary steps to correct an identified defect.

***Williams***, 106 A.3d at 587-88.

Here, the court imposed Appellant's judgment of sentence on August 8, 2012.  On September 4, 2012, Appellant filed a timely *pro se* notice of

appeal. Although Appellant did not comply with the trial court's order to file a Pa.R.A.P. 1925(b) statement or our order to perfect his appeal, we never dismissed this appeal. Thus, Appellant's direct appeal remains pending, rendering all PCRA proceedings in the trial court null and void.

Because Appellant filed a timely notice of appeal and because the trial court failed to appoint appellate counsel or conduct a *Grazier* hearing before or after permitting trial counsel to withdraw, we will not dismiss this appeal.

"When an appellate court, including this Court, has been presented with a timely request to proceed *pro se* on appeal, the court generally has remanded for a '*Grazier* hearing' to determine if the waiver of counsel is knowing, intelligent, and voluntary." *Commonwealth v. Staton*, 12 A.3d 277, 280 (Pa.2010). To ensure that a waiver of counsel is knowing, voluntary, and intelligent, a defendant must be colloquied on his understanding of the following six (6) elements:

> (1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules (5) whether the defendant understands that there are possible defenses to these charges [of] which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be lost permanently

and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Commonwealth v. Houtz*, 856 A.2d 119, 123 (Pa.Super.2004) (citation omitted).

During Appellant's sentencing hearing, the following transpired:

[DEFENSE COUNSEL]: I would like to note for the record that [Appellant] has advised me even though he would prefer not to represent himself he doesn't trust any lawyer in the area to represent him so I think that he would prefer to represent himself in light of the fact that there aren't any trustworthy lawyers in the area. I don't know if that would –

[APPELLANT]: I explained it all in the 36-page document.

THE COURT: You heard me say at the beginning of the day you have certain post-sentence rights. You have a right to file post-sentence motion within 10 days from today and the right to appeal within 30 days.

[APPELLANT]: I don't understand some of those things.

THE COURT: That's what was spelled out for you in the written document that you are refusing to sign. You need to understand those rights and as you, I think, are aware you have the right to raise issues concerning ineffective assistance of counsel and Post-Conviction Relief Act petition. Those are further in the day, not today.

[APPELLANT]: My questions on that I understand those rights I just don't understand what they are. What is a post-sentence motion is that like for a new trial or is that only reason those would be post-sentence motion.

THE COURT: Right. That would be the value of having an attorney represent you to be able to explain procedurally how this all works, what the time frame is, what needs to be stated in these sorts of filings. If you do it yourself you are running the risk of missing what the requirements are.

- 7 -

[APPELLANT]: There is a lot of explanations in that. I have asked for standby counsel in that petition. I have made it clear it is really not my desire of what the situations are and I give a lot of particulars and facts in that statement.

THE COURT: All right. Anything further concerning the sentencing?

N.T., August 8, 2012 at 13-14.

Appellant's sentencing hearing demonstrates that the trial court failed to hold a *Grazier* hearing to determine whether Appellant knowingly, intelligently and voluntarily waived his right to counsel. Further, although Appellant filed a *pro se* notice of appeal, the court failed to appoint appellate counsel.

Ordinarily, the proper procedure at this point would be to remand for a *Grazier* hearing. Here, however, before remanding, we vacate Appellant's judgment of sentence as illegal under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct 2151, 186 L.Ed 2d 341 (2013).

Questions regarding the legality of a sentence "are not waivable and may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa.2014). Further, *Alleyne* issues directly implicate the legality of sentence. *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super.2014).

Our standard of review of questions involving the legality of a sentence is as follows:

A challenge to the legality of a sentence…may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Wolfe*, 106 A.3d at 801-02 (citations omitted).

In this case, Appellant was sentenced under 42 Pa.C.S. § 9712.1, which provides, in relevant part:

**§ 9712.1. Sentences for certain drug offenses committed with firearms**

**(a) Mandatory sentence.–**Any person who is convicted of violation of section [1]13(a)(30) of [] The Controlled Substance, Drug, Device, and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

\* \* \*

**(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1.

In ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super.2014) (*en banc*), we held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under ***Alleyne***.[9]  Therefore, Appellant's judgment of sentence is illegal, and the trial court must resentence Appellant without consideration of any mandatory minimum sentence provided by section 9712.1.  Thus, in the interest of judicial economy, we vacate Appellant's judgment of sentence and remand for resentencing.[10, 11]

Judgment of sentence vacated; case remanded for further proceedings consistent with this memorandum.  Jurisdiction is relinquished.

_____

[9] In ***Commonwealth v. Hopkins***, our Supreme Court affirmed our holding that the preponderance of the evidence standard in 18 Pa.C.S. § 6317(a) is unconstitutional and that the "violative provisions [are] not severable."  98 MAP 2013, [J-78-2014]-2, filed June 15, 2015.

[10] Our decision today renders the defects in Appellant's September 4, 2012 notice of appeal moot.  In the future, Appellant should be careful to comply with the Rules of Appellate Procedure, as we could have dismissed his appeal for being defective.

[11] At sentencing, the trial court shall inquire whether Appellant desires representation by counsel or wishes to represent himself.  If Appellant desires counsel, the trial court shall appoint new counsel for Appellant.  If Appellant wishes to represent himself, the trial court shall conduct a ***Grazier*** hearing to determine whether Appellant's waiver of counsel is knowing, voluntary and intelligent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2015