**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 87 MAP 2023 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 386 MDA |
| | : | 2022 entered on October 20, 2022, |
| v. | : | Vacating and Remanding the PCRA |
| | : | Order of the York County Court of |
| | : | Common Pleas at No. CP- 67-CR- |
| RASHAAN LONDALE GREER, | : | 0005885-2010 entered on January |
| | : | 21, 2022. |
| Appellee | : | |
| | : | SUBMITTED:  January 2, 2024 |


## OPINION


**JUSTICE McCAFFERY**                    **DECIDED:  June 6, 2024**

In this appeal, we granted review to address the procedures by which an appellate court should enforce the mandate, set forth in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), that first-time Post Conviction Relief Act (PCRA)[1] petitioners have an enforceable statutory right to effective assistance of counsel.  Importantly, *Bradley* granted such petitioners the right to raise ineffectiveness claims against PCRA counsel while appealing the denial of their first petition.  At the same time, *Bradley* limited that right to *after* the petitioner obtained new counsel or elected to proceed *pro se*.  The tension between these two holdings occurs where, as here, a represented petitioner seeks to raise *Bradley* claims against his current counsel while his petition is pending on appeal.  We conclude that, under these circumstances, an appellate court must remand

---

[1] 42 Pa.C.S. §§ 9541-9546.

the case to the PCRA court to have an on-the-record colloquy with the petitioner about his right to counsel, his inability to proceed through hybrid representation, and how he wishes to proceed. Presently, while the Superior Court ordered a remand, it did not direct the PCRA court to have such an on-the-record discussion. We therefore reverse the Superior Court's order and remand to that Court for proceedings consistent with this opinion.

As noted by the Superior Court in its panel decision, a detailed factual history is unnecessary to address the legal issue before us. A jury convicted Rashaan Londale Greer of first-degree murder and carrying a firearm without a license. The Superior Court affirmed his judgment of sentence, and this Court denied his petition for allowance of appeal. *See Commonwealth v. Greer*, 55 A.3d 149 (Pa. Super. 2012) (unpub. memo.), *appeal denied*, 63 A.3d 1244 (Pa. 2013).

Greer subsequently filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed several amended petitions before withdrawing her appearance. Anthony J. Tambourino, Esquire, Greer's second PCRA counsel, entered his appearance and filed another amended PCRA petition. After a hearing, the PCRA court denied the amended petition by order dated January 21, 2022.

Attorney Tambourino filed a timely notice of appeal and complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In that statement, Attorney Tambourino identified four issues based on claims that trial counsel had been ineffective:

1. Trial counsel was ineffective for failing [to] investigate and present character witnesses at trial.

2. Trial counsel was ineffective when he failed to determine and use at trial the complete relevant criminal record for Commonwealth eyewitness[] Wanda Clark[] through the discovery process or independent investigation. The complete rap sheet for Wanda

Clark was *Brady* material, was withheld by the prosecution, and relevant to her credibility.

3. Trial counsel was ineffective for failing to request a voluntary manslaughter instruction when the evidence supported such an instruction.

4. Trial counsel was ineffective for failing to present a defense of imperfect self-defense at trial when the evidence supported such a defense, and further evidence could have been developed at trial to effectively support such a defense and a voluntary manslaughter instruction.

Pa.R.A.P. 1925 Statement of Errors, 3/31/2022, at 1.

Prior to the establishment of a briefing schedule, however, Attorney Tambourino filed an application for remand. In the application, Attorney Tambourino asserted that Greer had sent him a letter requesting a remand to allow Greer to raise claims of Attorney Tambourino's ineffectiveness. Specifically, Greer identified eight additional claims that Attorney Tambourino had not preserved for appellate review, as well as two claims that Greer insisted Attorney Tambourino had failed to properly develop at the PCRA hearing:

a. Trial counsel was ineffective in failing to adequately investigate and consult with [Greer] regarding the possibility of a plea agreement with the Commonwealth.

b. The Commonwealth failed to disclose the complete criminal record of Commonwealth witness Wanda Clark in violation of *Brady v. Maryland*.

c. Trial counsel was ineffective for failing to request an instruction under *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954) that the jury should receive the testimony of [eyewitness] Sherk Coleman with caution because his identification at the scene was equivocal.

d. Trial counsel was ineffective in failing to object to the trial court's instruction [on] the presumption of innocence. (Additional citations to record and argument omitted for purposes of brevity.)

e. Trial counsel was ineffective for failing to file a motion in limine to [redact] portions of [Greer's] admission to [witness] Nina Carter. (Additional citations to record and argument omitted for purposes of brevity.)

f.   Trial counsel was ineffective for failing to object to Detective Ripley's testimony in [interpreting] the cell tower data and offering cell tower analysis when he was not qualified as an expert and is not an expert.

g.   Trial counsel was ineffective for failing to object to all of the instances of Trooper Dunn's testimony labelling [Greer] as a fugitive where a wanted poster was created, that [Greer] was our guy and their intention was to get [Greer.]  (Additional citations to record and argument omitted for purposes of brevity.)

h.   Trial counsel was ineffective for failing to object to Commonwealth misconduct when they used [racist,] offensive tropes to characterize [Greer's] alleged admissions to [witness] Nina Carter.

i.   [Attorney Tambourino] was ineffective in failing to present competent evidence at the PCRA hearing proving that trial counsel easily could have obtained [eyewitness] Wanda Clark's complete criminal record.

j.   [Attorney Tambourino] was ineffective for failing to investigate and present character witnesses at the PCRA evidentiary hearing who were competent to testify to [Greer's] reputation for law-abidingness and peacefulness at the relevant time period of the crime.

Application for Remand, 4/21/2022, at 4-6 (verbatim; some punctuation omitted).

The Superior Court deferred the application for remand to the merits panel and directed Attorney Tambourino to file a brief.  Attorney Tambourino complied, submitting a brief that only addressed the four issues he had identified in his Pa.R.A.P. 1925(b) concise statement.

The three-judge panel of the Superior Court, in an unpublished memorandum opinion, vacated the PCRA court's order and remanded the case to the PCRA court.  *See Commonwealth v. Greer*, 287 A.3d 879 (unpub. memo. at *2) (Pa. Super. filed Oct. 20, 2022). The Superior Court directed the PCRA court to appoint new counsel to develop a record and address any issues Greer had with Attorney Tambourino's stewardship. *Id.*

The Commonwealth disagreed with this resolution and sought reargument before the Superior Court *en banc*.  Attorney Tambourino responded with a new application for remand, this time seeking the appointment of new counsel to respond to the

Commonwealth's petition for reargument. The Superior Court panel granted Attorney Tambourino's application and directed the PCRA court to appoint new counsel who would then be responsible for filing a response to the Commonwealth's reargument petition. The PCRA court appointed Brandy Grace Hoke, Esquire, Greer's current counsel, and she filed a response to the Commonwealth's petition.

The Superior Court ultimately denied reargument, and the Commonwealth sought review in this Court. We granted allocatur to address whether, as the Commonwealth argues, the Superior Court was required to examine the issues raised in the merits brief filed by Attorney Tambourino prior to remand.

The Commonwealth contends that the Superior Court should be required to assess whether any of Greer's ineffectiveness claims are patently meritless before remanding to the PCRA court for appointment of counsel.[2] The Commonwealth asserts that in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), we incorporated the holding of *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977). It posits that under *Hubbard*, the

---

[2] We note that the scope of the Commonwealth's argument exceeds the scope of the issue before us as phrased by this Court when it granted review of this appeal:

> Whether a court on appeal should rule on the merits of an existing appeal of a PCRA court order before remanding a case where a PCRA petitioner raised new/additional layered claims of PCRA counsel's ineffectiveness pursuant to *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) for the first time before the appellate court, where there were issues of merit that could have been disposed of prior to remand for new issues.

47 MAL 2023 Order, 8/29/2023 (brackets omitted) (*quoting* the Commonwealth's Petition for Allowance of Appeal). We decline to address the Commonwealth's argument that the Superior Court was required to assess Greer's *Bradley* claims for merit before remand. We further do not reach the related, but independent, issue of whether Greer is entitled to counsel to pursue his claims against Attorney Tambourino.

Superior Court is required to review every issue raised by Attorney Tambourino in his merits brief. *See* Commonwealth's Brief at 15-16. The Commonwealth maintains that after performing this review, the Superior Court should be required to address any issue that could be resolved on the record currently before it. *See id.* at 17. The Commonwealth suggests that if any issues remained that could not be addressed on the existing record, the Superior Court would then remand to the PCRA court for further development of the record. *See id.* at 18.

Greer counters by noting that, under Pennsylvania law, Attorney Tambourino is not permitted to argue his own ineffectiveness, as this constitutes a conflict of interest. *See* Greer's Brief at 5. Despite this, Greer emphasizes that Attorney Tambourino set forth detailed allegations of his own ineffectiveness in his application for remand. *See id.* at 6. Greer contends that these allegations are sufficient to present issues of material fact such that if resolved in Greer's favor, will entitle him to relief. *See id.* at 7. He finishes by noting that the Commonwealth's proposed procedure encourages piece-meal appeals from non-final orders. *See id.* at 9.

We agree with the Commonwealth that *Bradley* clearly references *Hubbard* in describing the procedure for raising claims of PCRA counsel's ineffectiveness:

> We conclude that a modified and flexible *Hubbard* approach to preserving claims of PCRA counsel's ineffectiveness on collateral review is the best way to realize both a petitioner's right to effective PCRA counsel and our citizens' interest in the efficient and final conclusion of criminal matters. Specifically, we find that a review paradigm allowing a petitioner to raise claims of PCRA counsel's ineffectiveness at the first opportunity when represented by new counsel, even if on appeal, while not an ideal solution, accommodates these vital interests. Fully cognizant of the difficulties discussed above associated with requiring PCRA counsel himself, or a *pro se* petitioner, to raise claims of PCRA counsel's ineffectiveness, we hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims

of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.

*Bradley*, 261 A.3d at 401 (footnote omitted).

However, we disagree with the Commonwealth's application of *Bradley* and *Hubbard*. *Bradley* uses *Hubbard* as a foundation, not a straitjacket. *Bradley* recognized that when the General Assembly first passed the PCRA, appellants could raise prior counsel's ineffectiveness on direct appeal as demonstrated by *Hubbard*. *See Bradley*, 261 A.3d at 401-402. However, *Bradley* also recognized that *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), was a sea change in the law. *See Bradley*, 261 A.3d at 391. Prior to *Grant*, ineffectiveness claims "had to be raised at the first opportunity, even if that was on direct appeal and the issue had not been presented to the trial court." *Id.* Post-*Grant*, ineffectiveness claims generally "may no longer be entertained on direct appeal, even if a defendant procures new counsel; rather, they are deferred to the post-conviction review process." *Id.* Nevertheless, *Grant* "did not address the issue of raising claims of **PCRA counsel's** ineffectiveness for the first time on appeal." *Id.* (emphasis added).

Notably, *Bradley* did not reference *Hubbard* to resurrect pre-*Grant* procedures. Instead, *Bradley* only discussed *Hubbard* to rebuff any argument that the PCRA itself forbids raising PCRA counsel's ineffectiveness for the first time on appeal. *See Bradley*, 261 A.3d at 402-404. The Commonwealth's argument turns this historical observation into a legal commandment and asks us to bind the Superior Court to a bifurcated procedure that has no basis in the text of *Bradley*.

Ultimately, the issue of the merits brief filed by Attorney Tambourino has a straightforward resolution: the Superior Court erred in directing Attorney Tambourino to file a merits brief. Instead, the Superior Court, when faced with a clear indication that

Greer wished to pursue claims of Attorney Tambourino's ineffectiveness, should have immediately remanded the case to the PCRA court for an on-the-record assessment of Greer's rights and wishes. Only after clarifying Greer's representation status can a proper merits brief be filed. This conclusion is consonant with existing law and procedures employed by the Superior Court, avoids piecemeal litigation and encourages a full, fair, and final review of all claimed errors in one proceeding.

For example, it is well-established that when a counseled appellant seeks to proceed *pro se* on appeal, the proper response is to remand to the lower court for an on-the-record hearing to determine whether the waiver of counsel is knowing, intelligent, and voluntary. *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998). However, if the request to proceed *pro se* is filed after counsel has filed a merits brief, the request is considered untimely. *See id.*

Here, Attorney Tambourino filed an application for remand **before** a briefing schedule was established. The application for remand was therefore timely. Further, the application indicated that Greer desired a remand to address his claims of Attorney Tambourino's ineffectiveness. As a result, Attorney Tambourino concluded he was required to seek remand because "*Bradley* permits a defendant or new counsel to raise PCRA claims against initial PCRA counsel on direct appeal." Application for Remand, 4/21/2022, at 4. Thus, Attorney Tambourino asserted that "remand is necessary so that the PCRA Court may conduct a hearing to determine **whether** [Greer] should be appointed new PCRA counsel for his PCRA appeal." *Id.* at 6 (emphasis added).

Admittedly, the application for remand did not explicitly seek *pro se* status for Greer. However, read as a whole, the application raised the possibility that Greer may

have preferred proceeding *pro se* to pursue his claims of Attorney Tambourino's ineffectiveness. Thus, pursuant to *Grazier*, the Superior Court should have, at the very least, remanded for a *Grazier* hearing. By forcing Attorney Tambourino to file a merits brief, the Court created a risk that Greer could no longer request to proceed *pro se*, as the request would be considered untimely after the filing of a merits brief. This procedure also forced Greer to proceed through a combination of counseled and *pro se* representation, also known as hybrid representation.[3] Hybrid representation presents many issues for appellate courts:

- it is an indication that counsel and their client are in conflict, which could undermine the client's odds of success on appeal;

- it disincentivizes counsel to utilize their professional judgment to determine if issues have possible merit before submitting them to the appellate court; and

- it threatens to create procedural confusion and delay in the appellate courts.

*See Commonwealth v. Ellis*, 626 A.2d 1137, 1138-1139 (Pa. 1993). For all these reasons, we have consistently held that hybrid representation is prohibited on appeal. *See id.* at 1139.

Accordingly, the Superior Court erred in directing Attorney Tambourino to file a merits brief without first addressing the application for remand.

Although the Commonwealth does not raise this specific argument, we note that we have historically required the Superior Court to assess the merit of ineffectiveness claims raised for the first time on appeal. For example, in *Commonwealth v. Clemmons*, 479 A.2d 955, 957 (Pa. 1984), the defendant raised ineffective assistance of trial counsel

---

[3] We acknowledge that Greer may not have a right to proceed *pro se* on appeal. *See Commonwealth v. Staton*, 12 A.3d 277 (Pa. 2010). Nevertheless, this issue is beyond the scope of the question before us.

on direct appeal. The Superior Court, "without examining the colorableness" of the allegations of ineffectiveness, vacated the defendant's judgment of sentence and remanded for a hearing. *Id.* This Court reversed the Superior Court, stating "we today hold that where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Id.*

It is possible to distinguish *Clemmons* from the present case. There, Clemmons's ineffectiveness claims were raised by new counsel against prior counsel. *See Clemmons*, 479 A.2d 956-957. In contrast, Greer raises claims of ineffectiveness against Attorney Tambourino — while still being represented by him on appeal.

Nonetheless, we agree with Greer that the *Clemmons* procedure is in direct conflict with our well-established prohibition against hybrid representation. *See Commonwealth v. Jette*, 23 A.3d 1032, 1042 (Pa. 2011). *Clemmons* does not condition its holding on the appellant being represented by new counsel, and there is no reason to imply such a condition. Thus, if we were to apply *Clemmons* directly to this case, the Superior Court would be required to assess the merits of Greer's *pro se* allegations, which include claims that Attorney Tambourino failed to raise certain issues on appeal, even though Attorney Tambourino may have exercised professional judgment in deciding not to present those issues. This Court explicitly rejected such a procedure in *Jette*:

> [This] procedure pits defendants against their lawyers to contest the issues to be raised on appeal. The Superior Court, as referee, decides which issues are not frivolous and fires the lawyer who refuses to raise them.
>
> …
>
> Such a procedure conflicts with the traditional appellate review paradigm by requiring counsel to advance arguments on his client's behalf while

simultaneously refuting the validity of issues that the client believes are also worthy of review but counsel chose not to raise.

*Jette*, 23 A.3d at 1040-1042 (internal citations omitted).

It is therefore clear that *Clemmons* is in direct conflict with our more recent jurisprudence, such as *Jette*. Under these circumstances, we conclude that it is *Clemmons* that must yield. *Clemmons* is an artifact of the pre-*Grant* procedure. *Jette* is more aligned with our modern Rules of Appellate Procedure. *See* Pa.R.A.P. 121(g) (limiting a represented party's right to file *pro se* documents to five specific instances, none of which involve complaints about counsel's exercise of professional judgment).

Retaining *Jette* over *Clemmons* also preserves the role of the PCRA court as the court of first impression. The PCRA court should have the first opportunity to address factual and legal claims.[4] *See Commonwealth v. Scolieri*, 813 A.2d 672, 678 (Pa. 2002). An appellate court's proper role is to review the PCRA court's decision for an error of law or an abuse of discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). Following the Commonwealth's suggested resolution would force the Superior Court to assess the legal issues without allowing the PCRA court to address them in the first instance. It would also encourage piece-meal litigation of appellate review.

For all these reasons, we conclude that the Superior Court did not err in refusing to assess the issues raised in Attorney Tambourino's merits brief before remanding this matter to the PCRA court. Rather, we must conclude the Superior Court merits panel

---

[4] This preference does not, however, contradict *Bradley*'s observation that "[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims." *Bradley*, 261 A.3d at 402. The preference applies only where there is any question about the merit of the newly-raised ineffectiveness claim.

should not have been placed in the position to respond to hybrid representation. Instead, pursuant to *Grazier*, the Superior Court should have remanded to the PCRA court to hold a hearing to determine Greer's rights and wishes. Both the Superior Court's decision and the procedure suggested by the Commonwealth remove this option from Greer in contravention of our precedent.[5]

The order of the Superior Court is reversed, and the matter is remanded to that court for proceedings consistent with our decision today.

Chief Justice Todd and Justices Dougherty, Wecht and Mundy join the opinion.

Justice Donohue files a concurring and dissenting opinion in which Justice Brobson joins.

---

[5] Central to the Dissent's disagreement with our analysis is its contention that we assume Greer may elect to proceed *pro se*. To be clear, we do not. We merely observe that Greer has not yet made that choice of record. Thus, the problem that arises if we were to follow the Dissent's proposed resolution and not remand for a hearing is that Greer may, at a later date, claim that he was denied the opportunity to proceed *pro se*. This would further delay and complicate these protracted proceedings. Since Greer has not had a *Grazier* hearing, he was not afforded the opportunity to formally request to proceed *pro se*, and the PCRA court thus has had no opportunity to respond to that request. Under these circumstances, the most prudent course is to remand for a *Grazier* hearing, where Greer can exercise his rights on the record and the PCRA court can address any other issues in the first instance.